FILED ___ LODGED
___ RECEIVED ___ COPY

JUN 2 2 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

BUDDY WAYNE, PRO PER
98 WADSWORTH BLVD #127-3123
LAKEWOOD, CO. 80226
480 842-0078
4yourbuddy@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| BUDDY WAYNE AND DOES 1-1000,<br><br>Plaintiff,<br><br>vs.<br><br>CARSTEN LOELKE<br><br>ELIZABETH LOELKE AKA ELIZABETH YI<br><br>NATURAL RELIEF CLINIC INC.<br><br>JJ EMPIRE LLC<br><br>YILOLIFE INC<br><br>GREEN OUTLET LLC<br><br>FOOD 2828 LLC<br><br>Defendants | Case No.:   **CV20-01244-PHX-MHB**<br><br>COMPLAINT FOR DAMAGES INCLUDING:<br>SECURITIES FRAUD<br>FRAUD<br>BREACH OF FIDUCIARY DUTY TO STOCKHOLDERS<br>BREACH OF CONTRACT<br>QUANTUM MERUIT |

Now comes Plaintiff for his Complaint and states as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, Buddy Wayne (hereafter Wayne) is an individual whose primary residence is in the State of Colorado.

COMPLAINT FOR DAMAGES INCLUDING: SECURITIES FRAUD FRAUD BREACH OF FIDUCIARY DUTY TO STOCKHOLDERS BREACH OF CONTRACT QUANTUM MERUIT - 1

2. Defendant, Carsten Loelke is a resident of Maricopa County Arizona.

3. Defendant, Elizabeth Loelke, AKA Elizabeth Yi is a resident of Maricopa County Arizona.

4. Natural Relief Clinic is an Arizona non-profit corporation.

5. JJ Empire LLC is incorporated in the State of New Mexico.

6. YiloLife Inc is incorporated in the State of New Mexico.

7. Green Outlet LLC AKA Green Outlet Life LLC is incorporated in the State of New Mexico.

8. Food 2828 LLC is incorporated in the State of New Mexico.

9. Federal Jurisdiction is based on both the Federal Securities violations as well as diversity of citizenship. The amount in controversy exceeds $500,000.00 provided however, if additional Plaintiffs are added, or a class action is certified, the total claim for damages will exceed 1 million dollars.

10. Upon information and belief, Defendants Carsten Loelke and Elizabeth Loelke are husband and wife and therefore this claim inured to the benefit of the marital community.

11. Carsten and Elizabeth Loelke are the founders, controllers and majority owners of the primary corporation, Natural Relief Clinic Inc. (hereafter NRC). NRC is a licensed medical marijuana non-profit corporation in the State of Arizona with retail locations in Phoenix and Bisbee Arizona.

12. Each of the remaining LLCs and Corporations are alter egos, subsidiaries, holding companies and related entities of NRC created for the purpose of "down-streaming

profits" in order to transfer money out of the non-profit (NRC) for tax avoidance and to create the illusion of a bona-fide non-profit corporation. A bona-fide non-profit corporation is required in order to maintain the central asset of each of them, which is the non-profit marijuana license. Income tax is avoided by claiming that the non-marijuana companies are not subject to IRS Code section 280E since they purportedly appear to not be in the marijuana business. In fact, each is the alter ego of the other, the books and records are commingled, and the accounting is modified, reallocated and altered to avoid taxation. Most of the business is done in cash, so misappropriation is easy to conceal.

13. Wayne has a long education and expertise in accounting and has served as CFO of other Arizona Marijuana companies. He has reviewed the public books and record of Defendants and each of them. He has reviewed the annual accounting provided by the Purchase Operations Systems showing actual transactions. He has conferred with the person doing the accounting for each of the Defendants entities who has acknowledged that the actual accounting records do not remotely match the published accounting records required by the SEC disclosures. Buddy Wayne is also known as Dirk Wayne.

## COMMON FACTS

14. Wayne was a YILO Vice president until his resignation on June 16, 2019. Employees, including Wayne, were required to buy stock in order to fraudulently represent that 500 investors had acquired stock for SEC purposes. Plaintiff is informed and thereon believes there are many former employees and individuals defrauded with worthless stock willing to join this suit. Further, there are hundreds of stockholders who could be located and

notified of this securities fraud. After their notification, Plaintiff hereby notifies all concerned that this case may request certification as a class action. Hence, the plaintiffs may be added including up to DOES 1-1000.

15. The foundation of the fraudulent scheme is the fabrication of accounting records, and financial transactions more commonly referred to as "cooking the books". Several employees including Wayne were required to buy stock at inflated prices all intended to fraudulently induce members of the public to believe that the stock was selling and therefore was a good investment. Wayne is informed and hereon believes that 500 shares had to be sold to comply with SEC regulations before or about March 25, 2019.

16. Wayne was informed by the defendant's accountants and thereon believes that according to the accounting staff that the books represented in the SEC offering were fabricated. Wayne's separate accounting analysis based on actual recorded transactions verified that the books were falsified. Since the accounting staff knew the books and records were false, Wayne is informed and thereon believes that the owners were the only entity who stood to gain from the fraudulent scheme.

17. Wayne is a stockholder to whom the owners owe a fiduciary duty to protect the rights and interests of said stockholders particularly with the representations of the financial condition of the company. Full transparency of books and records is owed to each stockholder, including those to be named later.

18. The financial records of the company are in the public record and plaintiff has full and complete certified copies taken from the public record.

19. Each of the financial records is certified as true and correct by YiloLife Inc and individual defendants Loelke, et al, under penalty of law including, but not limited to individual civil and criminal liability under the Federal Sarbanes Oxley Act.

20. Defendants and each of them have a history of intention misrepresentations including selling Covid-19 (Corona Virus) treatment at a time when the public is in particular risk. The Arizona Attorney General intervened and provided a cease and desist order. This is one of many such deceptions to be more fully exposed at time of trial reflecting a pattern of intentional misrepresentations.

## Count I

## SECURITIES FRAUD

20. The foundation of the fraudulent scheme is the fabrication of accounting records, and financial transactions more commonly referred to as "cooking the books". Several employees including Wayne were required to buy stock at inflated prices all intended to fraudulently induce members of the public to believe that the stock was selling and therefore was a good investment. 500 shares had to be sold to comply with SEC regulations before or about March 25, 2019.

21. Wayne was informed and thereon believes that according to the accounting staff and the financial analysis completed by Wayne the books represented were fabricated. Since the accounting staff knew the books and records were false, Wayne is informed and thereon believes that the owners were the only entity who stood to gain from the fraudulent scheme.

22. Defendants, and each of them, know the financial accounting representations were false. Defendants and each of them relied upon said representations to their detriment causing damages.

Wherefore plaintiff prays for compensatory and punitive damages to be proven at time of trial in excess of $100,000. Punitive damages are requested to be in accordance with the asset value of the defendants and each of them.

### Count 2

### GENERAL FRAUD

Plaintiff hereby incorporates all prior facts into this cause of action. Defendants, and each of them, intentionally and maliciously fabricated accounting records to mislead the defendant. Plaintiff relied upon said misrepresentations to his detriment. Defendants misrepresentations were intentional and material.

Plaintiff suffered damages in the amount in excess of $100,000 as the court may deem just and proper.

Wherefore, Plaintiff seeks general and punitive damages in an amount to be determined at time of trial in excess of $100,000.

### Count 3

### BREACH OF FIDUCIARY DUTY TO STOCKHOLDERS

Plaintiff is a stockholder of YiloLife Inc. YiloLife Inc is an alter ego corporation of NRC. Plaintiff hereby incorporates are aforesaid allegations contained herein above.

Defendants, and each of them owed a fiduciary duty to Plaintiff including full accounting and disclosure of material facts. The falsification of the books and records of the defendant's corporation and related LLC's, was a clear breach of the fiduciary duty to Plaintiff. Plaintiff, including later named plaintiffs, relied upon said representations to their detriment as they were induced into buying stock in a company with fictional accounting records.

Plaintiff suffered damages in the amount of $100,000 to be proven at time of trial and plaintiff seeks punitive damages in accordance with the wealth of the defendant.

## Count 4

## BREACH OF CONTRACT

Wayne had a contract to be paid $6,800 per month commencing March 1, 2019 evidenced by a writing via emails.. Defendants, and each of them, breached the agreement by failing to pay the agreed sum. The parties had the agreement memorialized in emails which reflected the negotiations and final agreement for the $6,800 per month. The agreement included a 3-month probationary period to increase sales from the poor $336,000.00/month revenues before November 2019, the month of the negotiations. Wayne kept his end of the bargain increasing sales to $595,000 for May 2019. When the March income increase date arrived, the defendant failed to pay the plaintiff as agreed. Said agreement was sufficiently memorialized by Plaintiff in emails reflecting the negotiations and agreement for the increased pay on March 1st 2019.

Additionally, Plaintiff publicly represented Wayne as the vice president, but refused to pay him w2 wages. Instead 1099, independent contractor wages were paid to this

full-time employee. Defendant suffered loss of social security benefits and was subject to self-employment taxation at a higher rate.

To add insult to injury, the defendant failed to pay an additional $500.00 to Plaintiff to satisfy the states requirement of the employer that employees have a dispensary agent card. This is a fee the state charges the employer. The state does not charge this fee to the employee.

Plaintiff suffered damages in lost income and seeks compensatory damages in an amount to be proven at time of trial in the amount in excess of $50,000.

## COUNT 5

## QUANTUM MERUIT

Plaintiff hereby incorporates all prior allegations as provided hereinabove. Plaintiff seeks the reasonable value of his services according to common law. Plaintiff was not paid in accordance with his agreement. Plaintiff was erroneously charged $500. Plaintiff was paid as an independent contractor causing losses to social security and taxes.

The reasonable value of his services was in excess of $50,000, wherefore plaintiff prays for compensation at time of trial as the court may deem just and proper.

WHEREFORE PLAINTIFF PRAYS FOR:

1. As to count 1 for Securities Fraud, general damages in the amount of $100,000 plus, punitive damages relative to the defendant's wealth in excess of an additional $100,000.

2. As to count 2 for General Fraud, general damages in the amount of $100,000 plus, punitive damages relative to the defendant's wealth in excess of an additional $100,000.

3. As to count 3, Breach of Fiduciary Duty to Stockholders, general damages in the amount of $100,000 plus, punitive damages relative to the defendant's wealth in excess of an additional $100,000.

4. As to count 4, Breach of contract, Plaintiff prays for damages is an amount of be proven at time of trial in excess of $50,000.

5. As to count 5, Quantum Meruit, Plaintiff prays for damages is an amount to be proven at time of trial in excess of $50,000.

6. Numerous plaintiffs may be added and or a class action formed giving rise to damages in excess of one million dollars in an amount to be proven at time of trial including punitive damages.

7. Costs and attorney's fees as are reasonable and per statute.

8. Any and all other relief as the court may deem just and proper.

Respectfully submitted,

Dated this 30th day of March in the year of 2020.

Signed: /S/ _____
Buddy Wayne